UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS J. PERFILIO, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-01766 |
| v. | (SAPORITO, M.J.) |
| JEROME TONTI and WILLIAM TONTI, | |
| Defendants. | |

MEMORANDUM

On November 4, 2022, the plaintiff, Francis J. Perfilio, filed the fee-paid *pro se* complaint in this action. (Doc. 1.) Following service of process, the defendants have entered their appearance through counsel and filed a motion to dismiss this action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or alternatively for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 8.) That motion is fully briefed and ripe for decision. (Doc. 13; Doc. 14.)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the United States Constitution and federal statutes." *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 911

F.3d 666, 671 (3d Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (cleaned up).

The *pro se* complaint purports to assert a state common law trespass claim against the defendants, or it may be liberally construed as asserting a state-law abuse of process or wrongful use of civil proceedings claim.[1] *See, e.g.*, *Hvizdak v. Linn*, 190 A.3d 1213, 1228–29 (Pa. Super. Ct. 2018) (elements of abuse of process under Pennsylvania common law and elements of wrongful use of civil proceedings under the Dragonetti Act); *Pestco, Inc. v. Associated Prods., Inc.*, 880 A.2d 700, 708 (Pa. Super. Ct. 2005) (elements of trespass to chattels under Pennsylvania common law).[2] *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). It does not articulate any claims "arising under the Constitution, laws, or treaties of the United States," so we may not exercise federal question jurisdiction. *See* 28 U.S.C.

---

[1] We do not mean to suggest that the complaint alleges sufficient facts to plausibly state such a claim, of course. We do not reach the merits of any of the plaintiff's claims because we lack subject matter jurisdiction.

[2] In their brief, the defendants construe the plaintiff's reference to his claim as one for "trespass" as a claim for trespass to land. But the complaint lists the property to which Perfilio alleges the trespass occurred, none of which is land.

§ 1331. Moreover, it is clear from the allegations of the complaint that the plaintiff and the defendants are all citizens of the same state—Pennsylvania—so we may not exercise diversity jurisdiction over this case either. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). We are unable to discern any other potential basis for federal jurisdiction over this case.

Accordingly, the defendants' motion to dismiss (Doc. 8) will be granted and this action will be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

An appropriate order follows.

Dated: September 20, 2023        *s/Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge